```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 11-Cv-23910-MORENO
                                    (00-Cr-00287-MORENO)
                              MAGISTRATE JUDGE P. A. WHITE

DONNOVAN BULGIN,              :

     Movant,                  :           REPORT OF
                                        MAGISTRATE JUDGE
v.                            :

UNITED STATES OF AMERICA,     :

     Respondent.              :
_____
```

## I. Introduction

This matter is before the Court on the movant's motion to vacate pursuant to United States Code Title 28, Section 2255, attacking his sentence for conspiracy to distribute cocaine and illegal reentry following a jury trial and guilty plea, respectively, in criminal case number 00-cr-00287-MORENO.

The Court has reviewed the motion to vacate (Cv-DE# 1), Bulgin's memorandum addressing limitations (Cv-DE# 10), the Government's response (Cv-DE# 13), Bulgin's reply (Cv-DE# 14), and all pertinent portions of the underlying criminal file.

## II. Claims

Construing the *pro se* movant's arguments liberally, he appears to raise the following claims in his Section 2255 motion (renumbered):

   1.   The mandatory life sentence violates Due Process because: (A) the notice the Government provided was inadequate; (B) enhanced sentencing was not charged by the grand jury; (C) the Court failed to notify Bulgin that his failure to challenge his prior

1

      convictions waived any objection and ensure he was voluntarily waiving the right to challenge the same; (D) Bulgin was not asked to affirm or deny any allegations in the information pursuant to Section 851; (E) his prior felony drug convictions do not qualify for a mandatory life sentence and occurred during a single criminal episode; (F) the information failed to charge, and the jury failed to make findings, supporting enhanced sentencing as to each charge; (G) the Court failed to hold an evidentiary hearing to substantiate one of Bulgin's two prior convictions that counsel challenged;

2. Bulgin is actually innocent of: (A) his mandatory life sentence; (B) illegal reentry; and
3. Appellate counsel was ineffective for failing to raise the foregoing on direct appeal.

(Cv-DE# 1).

He seeks an evidentiary hearing and resentencing.

### III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. Bulgin was charged by superseding indictment with: Count (1), conspiracy to possess with intent to distribute a detectable amount of cocaine (21 U.S.C. §§ 841(a)(1), 846); Count (2) possession with intent to distribute a detectable amount of cocaine (21 U.S.C. § 841(a)(1), 18 U.S.C. § 2); and (3) illegal reentry by a previously deported alien (8 U.S.C. § 1326(a), (b)(2)). (Cr-DE# 16).

The Government filed a notice of intent to seek enhanced penalties pursuant to Title 21, United States Code, Sections 841(b) and 851 on May 12, 2002. (Cr-DE# 36). Bulgin's judgments in Ohio cases Cr-221707 and Cr-222400 were attached to the notice. (Cr-DE# 36 at 3-5).

Bulgin filed a motion to suppress and a motion to sever Count

(3) from the narcotics charges. (Cr-DE# 39, 41). After Bulgin's motion to suppress was denied, he pled guilty to the illegal reentry charge on June 5, 2000. (Cr-DE# 41, 54). A jury found him guilty of Count (1) and not guilty of Count (2). (Cr-DE# 65).

Counsel objected to the PSI, arguing that the facts upon which the guidelines were based were not alleged in indictment and therefore the statutory maximum sentence was twenty years rather than life imprisonment. (Cr-DE# 83).

The Court sentenced Bulgin to life for Count (1) and twenty years for Count (3), concurrent, followed by ten years of supervised release. (Cr-DE# 87); see (Cr-DE# 72) (judgment of acquittal as to Count (2)).

On direct appeal, Bulgin argued the Court erred by: (1) denying his motion to suppress; (2) sentencing him based on a quantity of drugs not alleged in the indictment or proved to a jury beyond a reasonable doubt pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000); and (3) sentencing him based on a prior aggravated felony conviction that was not alleged in the indictment. The Eleventh Circuit found as to issue (1) that the Court did not err by denying the motion to suppress. It found as to issue (3) that no error occurred because a prior aggravated felony conviction need not be charged in an indictment pursuant to Almendarez-Torres, 523 U.S. 224 (1998). Further, no error occurred as to the illegal reentry conviction because Section 1326(b) does not have to allege a defendant's prior aggravated felony conviction in order for a district court to impose an enhanced sentence. As to Claim (2) however, the Eleventh Circuit found that the Court erred by sentencing Bulgin based on a drug amount that was not included in the indictment or found by the jury beyond a reasonable doubt. It

concluded that this error was harmless because no rational jury would have found, based on the overwhelming evidence, that Bulgin was guilty of conspiracy without finding that the conspiracy involved a sufficient amount of cocaine to support his life sentence. See (Cr-DE# 110); United States v. Bulgin, 263 F.3d 170 (11th Cir. 2001) (00-14543). The United States Supreme Court denied certiorari on May 28, 2002. Bulgin v. United States, 535 U.S. 1095 (2002) (01-742).

Bulgin filed the instant motion to vacate on October 26, 2011.

### IV. Statute of Limitations

A one-year period of limitations applies to a motion under Section 2255. The one year period runs from the latest of:

(1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

(3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

In addition, a court may consider an untimely Section 2255 motion "if, by refusing to consider the [motion] for untimeliness,

the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011). The actual innocence exception is a narrow exception that requires factual, not merely legal, innocence. McKay v. United States, 657 F.3d 1190, 1197-98 (11th Cir. 2011). The exception has been applied to actual innocence for the crime of conviction and actual innocence of a capital sentence. McKay, 657 F.3d at 1196-97. However, the Eleventh Circuit has not yet decided whether the actual innocence exception applies to non-capital sentences. See Stevens v. United States, 2012 WL 987547 at *2 (11th Cir. March 26, 2012).

In the instant case, AEDPA's one-year statute of limitations began running on May 29, 2002, the day after the United States Supreme Court denied certiorari. See Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283 (11th Cir. 2007) (conviction becomes final for purposes of federal habeas statute of limitations the day the United States Supreme Court denies certiorari; the statute of limitations begins running the next day). Bulgin filed the instant motion to vacate more than eight years late on October 26, 2011.

Bulgin nevertheless contends his motion to vacate should be considered timely because he is actually innocent of his mandatory life sentence.[1] (Cv-DE# 1 at 14). Specifically, he argues his prior drug cases do not qualify as two separate convictions that would trigger mandatory life sentencing under Sections 841(b)(1)(A) and 851(a). (Cv-DE# 10 at 1).

---

[1] To the extent Bulgin also intended to argue his untimely filing is excused because he is actually innocent of illegal reentry, this claim should be rejected because it is conclusory, unsupported, and refuted by his guilty plea. See generally Blackledge v. Allison, 431 U.S. 63, 74 (1977) (defendant's sworn statements during the plea colloquy carry a strong presumption of verity and cannot be overcome by conclusory or unsupported allegations).

5

Bulgin has failed to state a legally sufficient claim of actual innocence. Although he attacks the validity of his prior convictions, he does not assert that he did not actually commit those offenses. Nor does he allege he succeeded in having those convictions vacated in State court. See, e.g., Stewart v. United States, 646 F.3d 856 (11th Cir. 2011). His present arguments "center on the legal classification of the crime" rather than on factual innocence. Stevens, 2012 WL 98547 at *3 (arguments that prior convictions no longer qualify as controlled substance offenses or that the State statute is unconstitutional only go to legal, not factual, innocence and are therefore insufficient to support an actual innocence claim). As such, they fail to demonstrate actual innocence.

Bulgin's motion to vacate was filed well outside AEDPA's one-year statute of limitations and he has not demonstrated that any exception applies. Therefore, he is not entitled to an evidentiary hearing or a merits determination of his claims and this motion should be dismissed with prejudice.

## V. Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to movant's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

## VI. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be dismissed with prejudice without an evidentiary hearing, a certificate of appealability not be issued, and this case be closed.

Objections to this report, including any objection with regards to the recommendation regarding the certificate of appealability, may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 26th day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:    Donnovan Bulgin, pro se
       Reg. No. 53777-004
       Coleman Medium
       Federal Correctional Institution
       Inmate Mail/ Parcels
       Post Office Box 1032
       Coleman, FL 33521

       Monique Botero
       United States Attorney's Office
       99 NE 4 St.
       Miami, FL 33132
```